STATE v. WILLIAM H. HAM.

*Appeal—Jurisdiction—Disposing of Mortgaged Property.*

1. An appeal lies to this court from an inferior court mediately through the superior court. (Act 1879, ch. 141, construed.)

2. Justices of the Peace have exclusive original jurisdiction of the offence of disposing of mortgaged property.

INDICTMENT for a misdemeanor tried on appeal at Spring Term, 1880, of ALLEGHANY Superior Court, before *Buxton, J.*

Motion in arrest of judgment allowed, and the state ap-
pealed.

*Attorney General,* for the State.
No counsel for defendant.

Dillard, J.   The defendant was indicted in the inferior
court of Alleghany county in two bills, found at different
terms, in one charging a sale by defendant of personal prop-
erty, previously conveyed by him by a chattel mortgage for
a lawful purpose to one Johnston, with intent to hinder,
delay and defeat the rights of the said Johnston *without speci-
fying* the particular articles so conveyed and sold; and in
the other, charging the same offence with a variation of
form in so far only as to describe and name the particular
articles.   At the trial of the cause, the defendant's motion
that the solicitor be put to elect on which bill he would
proceed, was overruled, and also his motion in arrest of
judgment for want of an averment of the registration of
the mortgage, and exception was taken to the denial of said
motion and an appeal taken to the superior court.   And in
the superior court, besides the exception of defendant in
the transcript from the inferior court, error was assigned in
the further particulars that the inferior court had no origi-
nal jurisdiction of the offence, that the sale of property was
not averred to have been unlawfully made, and that no
county was mentioned in the bill in which the offence was
said to have been committed, and from the judgment of the
superior court reversing the judgment of the inferior court
and ordering an arrest of judgment to be entered, the so-
licitor for the state appeals to this court.

At the very threshold, the question arises, whether un-
der the act of 1879, ch. 141, an appeal lies from an inferior
court mediately through the superior court to this court.
The provision is "that appeals may be taken from this

(inferior) court to the superior court in term for error as-
signed in matters of law in the same manner and under the
same restrictions provided now by law for appeals from the
superior courts of the state to the supreme court of the state,
and the final decision of each superior court shall be certi-
fied to the court below, that final judgment may be ren-
dered;" and upon this phraseology a doubt is expressed
whether the superior courts are a final appellate tribunal to
all appeals from the inferior courts, or that a right of appeal
exists from the judgments of the superior courts to this
court.

By article four, section eight of the constitution, the su-
preme court has the "jurisdiction to review upon appeal
*any decision* of the courts below, upon *any matter of law or
legal inference,*" and by section twelve of the same article, in
distributing out jurisdiction among the courts established,
or which may be established, power is given the legislature
to parcel out only such jurisdiction as does not pertain to the
supreme court, and then with a proper system of appeals.
Considering these two clauses together, it would seem clearly
to have been the intention of the framers of our constitution,
that in all cases a way of appeal to the supreme court should
exist for the review of the decisions of the courts below, di-
rectly or indirectly, for errors of law. To hold the legislature
competent to deprive the supreme court of the power and
jurisdiction to review upon the appeal of a defendant, or that
of the solicitor of the state when allowable to him, by an act
constituting the superior court a final court of appeals to
cases in inferior courts, would be a concession of the right
by a similar act to make the inferior or superior courts a
final appellate tribunal to civil and criminal causes tried in
a justice's court, and thus the supreme court would be shorn
of two-thirds of its jurisdiction and the suitors correspond-
ingly deprived of a review of those courts in matters of law
by the court of the last resort.

The constitution, in article one section thirteen, after guaranteeing against conviction for crime, except by the verdict of a jury, makes an exception in the case of petty misdemeanors, and to that extent authorizes the legislature to provide other means of trial, but with appeal; and this right of appeal however provided for in a system of appeals, must be with the right in the party to appeal to the supreme court, and with power and jurisdiction in that court to review the decision of the court below in matters of law.

This right of appeal to the supreme court, we do not think, was intended to be taken away by the act of 1879, ch. 141, nor does any fair construction of it compel such a conclusion. The law, before the act of 1879 was passed, was that a party indicted and convicted in an inferior court might appeal to the superior court, and there be tried by a jury *de novo*, and if again convicted, might appeal to the supreme court. Acts 1876-'77, ch. 154, and Bat. Rev., ch. 33, § 111. The act of 1879, ch. 141, amends the act of 1876-'77 by providing that appeals may be taken from the inferior courts to the superior courts "for error assigned in matters of law in the same manner and under the same restrictions provided for appeals from the superior courts to the supreme court, and that the final decision in the superior court shall be certified to the court below that final judgment may be rendered."

The statute does not negative the right of appeal from the superior court to the supreme court which existed theretofore. It took away the right of trial by jury on the appeal and confined the trial in the superior court to errors of law in the court below as the legislature had authority to do under section thirteen, article one of the constitution, but left the pre-existing right of appeal to the supreme court. The act does not purport to take away the right of appeal to the supreme court under the previous law, and if it may have an operation consistently with that right, it is

38

the duty of the courts, to that extent, to give effect to it. Construe the final decision required to be certified down to the inferior court to be one from which the party does not . desire to take appeal, and the statute will be entirely consistent with the jurisdiction and power of the supreme court and not inconsistent with the right of appeal to it, and such we declare our opinion to be is the proper construction of the act of 1879 on this point.

Having settled the right of appeal to this court, in such a case as the present, it is not necessary that we consider and pass upon all the errors assigned before the superior court on the transcript from the inferior court, as we concur with the court below in the judgment that the offence charged was not within the original jurisdiction of the inferior court.

The jurisdiction of the inferior courts extends by the act of 1876–'77, ch. 154, §§ 7 and 8, to proceedings in bastardy (since made cognizable in a justice's court) and all crimes and misdemeanors, excepting those whereof exclusive original jurisdiction is given to justices of the peace and except the crimes of murder, manslaughter, arson, rape, assault with intent to commit rape, burglary, horse-stealing, libel, perjury, forgery and highway robbery, and to appeals from justice's courts.    In other words they come in between the jurisdiction of the justices of the peace and crimes excepted in the act, murder, &c., which belong to the superior courts, and therefore in order to settle the present inquiry we have only to ascertain the jurisdiction within which the offence charged against the defendant is included.

By the act of 1879, ch. 92, after giving justices of the peace exclusive original jurisdiction of all the offences referred to and describe l in the different sections, jurisdiction is given them in the seventh section of the act of all criminal matters where the punishment shall not exceed a fine of fifty dollars or imprisonment for thirty days, and by reference to

the acts of 1873–'74, ch. 31, it will be seen that the disposing of property conveyed in a mortgage under the circumstances there mentioned, for which the defendant is indicted, is a misdemeanor and is punishable by a fine not exceeding fifty dollars, or imprisonment for one month, which by statute is to be interpreted as thirty days.

It thus appears that the offence charged against the defendant was within the exclusive original cognizance of a justice of the peace and not within the jurisdiction of the inferior court, and so we must affirm the judgment of the court below, and direct a certificate to go down to the superior court, to the end that judgment on the conviction of the inferior court of Alleghany may be arrested.

PER CURIAM.                                                No error.